# EXHIBIT C

LEXSEE 2003 US DIST. LEXIS 26470

In re ATMEL CORPORATION SECURITIES LITIGATION, This document relates to: All actions

Master File No. C-03-0558 MMC

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2003 U.S. Dist. LEXIS 26470

June 17, 2003, Decided
June 17, 2003, Filed

**SUBSEQUENT HISTORY:** Complaint dismissed at In re Atmel Corp. Sec. Litig., 2004 U.S. Dist. LEXIS 27955 (N.D. Cal., Jan. 29, 2004)

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For Daniel J. Pyevich, On Behalf of Himself and All Others Similarly Situated, Plaintiff: Reed R. Kathrein, Jeffrey W. Lawrence, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, San Francisco, CA; Darren J. Robbins, William S. Lerach, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, San Diego, CA; Patrick J. Coughlin, Milberg Weiss Bershad Hynes & Lerach LLP, San Francisco, CA; Robert A. Jigarjian, Green Welling LLP, San Francisco, CA.

For Paul Demerjian, Plaintiff in Related Action, Plaintiff: Michael David Braun, Marc L. Godino, BRAUN LAW GROUP, P.C., Los Angeles, CA; Patrice L. Bishop, Stull, Stull & Brody, Los Angeles, CA.

For Jesse Wu, Kimrel Warren, Willie Warren, Plaintiffs: Betsy C. Manifold, Wolf Haldenstein Adler Freeman & Herz, San Diego, CA.

For Kim Lee, Plaintiff: Robert A. Jigarjian, Green Welling LLP, San Francisco, CA.

For Robert Waring, Plaintiff: John G. Emerson, Scott E. Poynter, Emerson Poynter LLP, Little Rock, AR; Michael M. Goldberg, Glancy & Binkow LLP, Los Angeles, CA.

For Atmel Corporation, George Perlegos, Donald Colvin, Defendants: Catherine H. Winterburn, Wilson Sonsini Goodrich & Rosati, San Francisco, CA; Boris Feldman, Douglas [*2] John Clark, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA.

For Vonda Tankersley, Edward Klug, Mark Shaw, Movants: Michael David Braun, BRAUN LAW GROUP, P.C., Los Angeles, CA; Patrice L. Bishop, Stull, Stull & Brody, Los Angeles, CA.

For Lucas, John, Jerry Green, Movants: Jeffrey W. Lawrence, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, San Francisco, CA.

For Brunner, Robert, Movant: Elizabeth P. Lin, Milberg Weiss Bershad & Schulman LLP, Los Angeles, CA; Jeffrey W. Lawrence, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, San Francisco, CA.

For United Brotherhood of Carpenters Pension Fund, Movant: Jeffrey W. Lawrence, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, San Francisco, CA; Patrick J. Coughlin, Milberg Weiss Bershad Hynes & Lerach LLP, San Francisco, CA.

For Charles Keith, Movant: Francis P. Karam, Stephanie M. Beige, U. Seth Ottensoser, Bernstein Liebhard & Lifshitz, LLP, New York, NY; Kevin J. Yourman, Weiss & Yourman, Los Angeles, CA; Elizabeth P. Lin, Milberg Weiss Bershad & Schulman LLP, Los Angeles, CA.

For Jesse Wu, Kimrel Warren, Willie Warren, 3rd party defendants: Betsy C. Manifold, Wolf Haldenstein Adler Freeman & Herz, [*3] San Diego, CA.

JUDGES: MAXINE M. CHESNEY, United States District Judge.

OPINIONBY: MAXINE M. CHESNEY

OPINION:

ORDER GRANTING PLAINTIFF KEITH'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF; DENYING MOTIONS OF CARPENTERS' PENSION FUND GROUP AND SHAW GROUP FOR APPOINTMENT AS LEAD PLAINTIFF (Docket Nos. 17, 24, 32)

Before the Court are three motions for appointment as lead plaintiff filed, respectively, by (1) United Brotherhood of Carpenters Pension Fund, Jerry Green, Robert Brunner and John Lucas ("Carpenters' Pension Fund Group"), (2) Mark Shaw, Edward Klug and Vonda Tankersley ("Shaw Group") and (3) Charles C. Keith ("Keith").

The motions came on regularly for hearing on May 16, 2003, at which time the Court, lacking a sufficient showing by any group of plaintiffs or individual plaintiff of adequacy to represent the class, afforded each of the moving parties the opportunity to file a "supplemental declaration addressing the qualifications of any proposed lead plaintiff and the relationship between the members of any proposed lead plaintiff group." See Order Setting Further Briefing Schedule, filed May 16, 2003; In re Cavanaugh, 306 F. 3d 726, 732 (9th Cir. 2002) (holding [*4] "district court has latitude as to what information it will consider in determining typicality and adequacy"). Having considered the papers filed in support of and in opposition to the respective motions, the supplemental filings by Carpenters Pension Fund Group and by Keith, and the arguments of counsel made at the hearing, the Court rules as follows.

Carpenters Pension Fund Group is a group of three individuals and one entity that, by aggregation of the alleged losses of its four unrelated members, has the largest claimed financial interest in the relief sought by the class. The Court finds, however, that Carpenters Pension Fund Group has not made a sufficient showing of its adequacy to represent the class. The group members have not provided, with either their initial or supplemental filings, any information about themselves, other than the fact they incurred financial losses as a result of investing in securities issued by defendant Atmel Corporation ("Atmel") and that they have selected the same law firm for representation. Moreover, other than offering conclusory statements that the members "choose to work together to prosecute this action" and that they "have conferred with [*5] one another and [their] selected class counsel in connection with [their] joint prosecution of the litigation and will continue to work together with counsel to provide fair and adequate representation and obtain the largest recovery for the class consistent with good faith and sound judgment," the members of the group have not shown they can or will function as a cohesive, unified group. See Joint Decl. Of the Carpenters' Pension Fund Group, filed May 30, 2003, PP 3, 4; see also In re Microstrategy Inc. Sec. Litig., 110 F. Supp. 2d 427, 437 (E.D. Va. 2000) (denying group of unrelated plaintiffs' motion for appointment as lead plaintiff where members failed to show "group was cohesive, comprised of like-minded members, or otherwise likely to function as a unified group"); cf. In re Versata, Inc. Sec. Litig., 2001 U.S. Dist. LEXIS 24270, 2001 WL 34012374, *6-7 (N.D. Cal. 2001) (granting group of unrelated plaintiffs' motion for appointment as lead plaintiff where group submitted "background information" about each member and offered evidence its members established "a regular meeting calendar, a mechanism for emergency' meetings, and a procedure to resolve disagreements [*6] between members and avoid impasse").

The Shaw Group is a group of three individuals that, by aggregation of the alleged losses of its three unrelated members, has the second largest claimed financial interest in the relief sought by the class. The Court finds, however, that the Shaw Group has not made a sufficient showing of its adequacy to represent the class. As is the case with Carpenters Pension Fund Group, the members of this group have not provided any information about themselves, other than the fact they incurred financial losses as a result of investing in securities issued by Atmel and that they have selected the same law firm for representation. Moreover, the members of this group, each of whom lives in a different state, (see Bishop Decl. Ex. A), have not attempted to show that they can or will function as a cohesive, unified group. n1

---

n1 Counsel chosen by members of the Shaw Group did not attend the hearing scheduled on May 16, 2003. Further, no member of the Shaw Group submitted a supplemental declaration or any other filing in response to the Court's order of May 16, 2003.

---

[*7]
Keith, the remaining moving party, alleges the highest single loss of any plaintiff, $ 688,698.71. (See Lin Decl., filed April 8, 2003, Exs. A, B.) Keith's claims

Case 1:05-cv-00310-SLR   Document 21-4   Filed 06/28/2005   Page 4 of 4

Page 3
2003 U.S. Dist. LEXIS 26470, *

appear typical of the class. Moreover, Keith has made a prima facie showing of his adequacy to represent the class. In particular, Keith has selected counsel with substantial experience in the field (see id. Exs, D, E), n2 has offered evidence of his business background and supervisory experience (see Keith Decl., filed May 30, 2003, P 1), n3 and further has expressed his intent to "be in regular contact" with his chosen counsel, to discuss with counsel the efforts to gather evidence and all other aspects of the litigation, to "provide streamlined guidance" to counsel, and to keep "up to date" on developments in the case.(See id. P 4.) As no other plaintiff has offered evidence or otherwise suggested that Keith's showing is insufficient, Keith's motion for appointment as lead plaintiff will be granted. See Cavanaugh, 306 F. 3d at 739 (holding plaintiff with largest claimed loss should be appointed where such plaintiff has made prima facie showing of typicality and adequacy, unless other parties offer [*8] evidence to counter showing).

n2 Counsel selected by the other moving parties also have substantial experience in the field.

n3 Keith, now retired, previously worked as an officer for a subsidiary of Gulf & Western Company and also owned a mobile home business for several years. (See id.)

**CONCLUSION**

1. Charles E. Keith's motion for appointment as lead plaintiff is hereby GRANTED.

2. Keith's selection of Weiss & Yourman and Bernstein Liebhard & Lifshitz, LLP, as counsel to represent the class is, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), hereby APPROVED.

3. Carpenters' Pension Fund Group's motion for appointment as lead plaintiff is hereby DENIED.

4. Shaw Group's motion for appointment as lead plaintiff is hereby DENIED.

5. Keith shall file a consolidated class action complaint within 45 days of the date of this Order.

6. All counsel are reminded of their obligation, pursuant to the Court's Standing Orders, to provide a paper copy of each document filed electronically [*9] no later than noon on the day after the document is filed electronically. The paper copies shall be marked "Chambers Copy" and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and "E-Filing Chambers Copy."

This order closes Docket Nos. 17, 24, and 32.

**IT IS SO ORDERED.**

Dated: June 17, 2003

MAXINE M. CHESNEY

United States District Judge