JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 4 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1705*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE XYBERNAUT CORP. SECURITIES LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of nine actions listed on the attached Schedule A and pending in two districts as follows: six actions in the District of Delaware and three actions in the Eastern District of Virginia.[1] Before the Panel is a motion by plaintiffs in the three Eastern District of Virginia actions for centralization, pursuant to 28 U.S.C. § 1407, of all nine actions in the Eastern District of Virginia. No party opposes centralization.

On the basis of the papers filed and hearing session held, the Panel finds that these nine actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share factual questions arising from alleged misrepresentations or omissions concerning the financial condition and accounting practices of Xybernaut Corp. (Xybernaut). Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Virginia is an appropriate transferee forum for this litigation. The Eastern District of Virginia i) is a likely source of relevant documents and witnesses inasmuch as Xybernaut's headquarters are located there; ii) contains Xybernaut's pending bankruptcy proceedings; and iii) has relatively favorable caseload statistics.

---

[1] The Panel has been notified that an additional action is pending in the District of Delaware. This action and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

RECEIVED
NOV - 7 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending in the District of Delaware are transferred to the Eastern District of Virginia and, with the consent of that court, assigned to the Honorable Leonie M. Brinkema for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

*[signature]*

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1705 -- In re Xybernaut Corp. Securities Litigation</u>

    <u>District of Delaware</u>

*Robert H. Aylor, Jr. v. Xybernaut Corp., et al.*, C.A. No. 1:05-222
*Moshe Tal v. Xybernaut Corp., et al.*, C.A. No. 1:05-242
*Michael Fehrenbacher v. Xybernaut Corp., et al.*, C.A. No. 1:05-256
*Jeffrey M. Jaskol, et al. v. Xybernaut Corp., et al.*, C.A. No. 1:05-268
*Joseph Daniel Wauhop v. Xybernaut Corp., et al.*, C.A. No. 1:05-310
*Christina W. Donnelly, et al. v. Xybernaut Corp., et al.*, C.A. No. 1:05-334

    <u>Eastern District of Virginia</u>

*Don R. Heilman v. Xybernaut Corp., et al.*, C.A. No. 1:05-525
*Simona Zuccarelli v. Xybernaut Corp., et al.*, C.A. No. 1:05-610
*Dean Lawthers v. Xybernaut Corp., et al.*, C.A. No. 1:05-617

RULE 1.6:   TRANSFER OF FILES

    (a)   Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

    (b)   If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

    (c)   If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

    (d)   Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:
- (i) a certified copy of the individual docket sheet for each action being remanded;
- (ii) a certified copy of the master docket sheet, if applicable;
- (iii) the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
- (iv) a certified copy of the final pretrial order, if applicable; and
- (v) a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

    (e)   The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.